**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ELIZABETH POWELL,** | ) | **CASE NO.  1:06CV00603** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JUDGE ANN ALDRICH** |
| | ) | |
| | ) | |
| **WAL-MART STORES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | <u>**MEMORANDUM OF OPINION**</u> |

On March 15, 2006, plaintiff Elizabeth Powell ("Powell"), filed a complaint in this court against Wal-Malt Stores, Inc., Leroy Schuetz, Steven Bertschy, Christopher Walters, Jonathan Fortman, Chris Fowler, Daniel McLaughlin, Walter J. Truszkowski, Stanislaw Kostek, Pinnacle Management, Inc., Barry Clifton, Paul Mudd, John Kendall, Mike Randazzo, Scott Bailey, and Vincent Romano (collectively, "Wal-Mart"), alleging a violation of the federal RICO statute, Ohio's Corrupt Activity statute, as well as common law principles of negligence and reckless disregard for the safety of others.

On May 19, 2006, Wal-Mart Stores, Inc., and Steven Bertschy filed a motion to dismiss. (Doc. No. 24.)  On June 8, 2006, Powell filed a response.  (Doc. No. 31.)  On June 26, 2006, Wal-Mart Stores, Inc. and Steven Bertschy filed a reply.  (Doc. No. 32.)

On August 8, 2006, defendants Pinnacle Management, Inc., Barry Clifton, Paul Mudd, John Kendall, Mike Randazzo, and Scott Bailey (collectively "Pinnacle et al.") filed a motion to dismiss.  (Doc. No. 40.)  On September 2, 2006, Powell filed a response.  (Doc. No. 45.)  On

September 14, 2006, Pinnacle et al. filed a reply.  (Doc. No. 49.)

Also before the court is Powell's motion for default judgment.  (Doc. No. 39.)  On August 10, 2006, default was entered against Curtis Fowler, Daniel McLaughlin, Scott Bailey, Christopher Walters, and Walter J. Truszkowski. (Doc. No. 41.)  The court held a default hearing with respect to damages for this motion on September 12, 2006.

All issues have been fully briefed and are ripe for adjudication.  For the following reasons, the court grants both motions to dismiss (Doc. No. 24, 40).  Because Powell's claims fail as a matter of law, the case is dismissed with respect to all defendants with prejudice.  The court therefore denies Powell's motion for default judgment (Doc. No. 41) as moot.


## I.   FACTUAL BACKGROUND

Powell was an employee for Wal-Mart, Inc., working the night shift at the Wal-Mart store located at 24801 Brook Park Road, North Olmsted, Ohio.  Powell alleges that as a result of an illegal alien crew cleaning the floor at the North Olmsted Wal-Mart, on June 26, 2002, she fell and injured herself.  The rest of Powell's complaint is a lengthy summation of various RICO charges against specific defendants in their respective roles for bringing in and hiring illegal immigrants as low-paid janitorial workers for Wal-Mart stores across the county.  Powell alleges that as a result of this RICO enterprise, illegal immigrants were hired to clean the North Olmsted Wal-Mart, resulting in both dangerous conditions and substandard safety precautions, thus causing her injury.  Powell therefore seeks to assert claims under state and federal RICO acts, as well as under a traditional theory of negligence.

## II.   STANDARD OF REVIEW

In analyzing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (quoting *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "However, the court need not accept a legal conclusion couched as a factual allegation." *City of Cleveland v. Woodhill Supply, Inc.*, 403 F.Supp.2d 631, 634 (N.D. Ohio 2005) (citation omitted). The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citation omitted).

## III.   ANALYSIS

### A.  Powell's Use of the RICO Statute

Powell impermissibly seeks to use the RICO statute to seek relief from her alleged personal injuries.  Only a person "injured in his business or property" may sue civilly for a RICO violation.  18 U.S.C. § 1964(c).  The Sixth Circuit has held that "['business or property'] excludes recovery for personal injuries." *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 644 (6th Cir. 1986) (citation omitted); *see also Fleischhauer v. Feltner*, 879 F.2d 1290, 1300 (6th Cir. 1989) ("Recovery for physical injury or mental suffering is not allowed under civil RICO because it is not an injury to business or property.")  Powell's motions fail to rebut this

fundamental point of law.

Similarly unavailing is Powell's argument that her economic losses resulting from her personal injury, such as medical bills and loss of earnings, fit the definition of "injury to property."  Indeed, the court is persuaded by the Seventh Circuit's assessment that the pecuniary losses resulting from personal injuries do not constitute injuries to "business or property."  *Doe. v. Roe*, 958 F.2d 763, 770 (7th Cir. 1992).  Powell alleges in her complaint that Wal-Mart's illegal RICO enterprise created an unsafe work environment, leading to her injury, thus entitling her to RICO damages for "losing her ability to work, market and sell her talents, skills, and labor," and for her "permanent knee injury, extreme pain, suffering, and emotion [sic] anguish, psychological injury and loss of enjoyment of life."  (Doc. No. 1.)  Because Powell's damages arise from her personal injury, her complaint sounding in RICO must fail as a matter of law.

Powell's claim based on Ohio's Corrupt Activity statute fails for the same reasons.  The Ohio Pattern of Corrupt Activity Act ("PCA") is patterned after the federal RICO Act.  *U.S. Demolition & Contracting, Inc. v. O'Rourke Constr. Co.*, 94 Ohio App.3d 75, 83 (Ohio Ct. App., 1994) (citations omitted).  Therefore, analysis of the PCA is analogous to that of the federal RICO statute.  *Wuliger v. Libery Bank, N.A.* No. 3:02CV1378, 2006 WL 42089, at *4 (N.D. Ohio Jan. 6, 2006) (citation omitted).  Accordingly, the above reasoning with respect to Powell's federal RICO claim applies to her Ohio PCA claim.  The court dismisses Powell's PCA claim with prejudice.


**B.  Powell's Negligence Claim in Count III**

Count III of Powell's complaint alleges a negligence claim against Pinnacle

Management, Inc., under a theory of respondeat superior.  This claim, however, is barred under §
2305.10(A) of the Ohio Revised Code, which places a two-year statute of limitations on personal
injury claims once the cause of action accrues.  Powell alleges that she fell on June 26, 2002,
while this claim was not filed until March of 2006, well beyond the two-year statute of
limitations.  Therefore, this claim is dismissed with prejudice.

**C.  Powell's Motion for Default Judgment**

For the same reasons that Powell's complaint fails as a matter of law with respect to both
motions to dismiss, it fails against all defendants.  Therefore, the court denies Powell's motion
for default judgment as moot.

## IV.    CONCLUSION

For the foregoing reasons, both motions to dismiss (Doc. No. 24, 40) are granted.
Powell's claims fail as matter of law and are therefore dismissed with prejudice with respect to
all defendants.  Powell's motion for default judgment (Doc. No. 39) is therefore denied as moot.
This order is final and appealable.

IT IS SO ORDERED.

s/Ann Aldrich_____
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2007